**SO ORDERED.**

**SIGNED this 07 day of December, 2009.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| **CONSOLIDATED HEALTH SERVICES, INC.,** | 08-00103-8-JRL |
| DEBTOR. | Chapter 7 |

### ORDER

This case is before the court on the trustee's motion to rescind confirmation of sale. A hearing took place in Raleigh, North Carolina on December 2, 2009.

Consolidated Health Services, Inc. filed a petition for relief under Chapter 11 of the Bankruptcy Code on January 7, 2008, and converted to a case under Chapter 7 on June 25, 2009. On November 13, 2009, this court entered an order approving the sale free and clear of liens, claim and encumbrances and approving bidding procedures, notice guidelines and a break-up fee. The "asset" to be sold was the debtor's existing health service operations. Prior to the trustee's motion for an order approving the sale, which was filed October 15, 2009, Community Health Inc. ("Community") made an offer to purchase the asset for $250,000. A break-up fee of $10,000.00 was authorized to be paid to Community if the winning bid at the auction was $270,000.00 or higher. By the time the public auction was held, Community had been on notice for more than 39 days that the sale was forthcoming. A public auction was held on November

24, 2009, and Healthkeeperz, Inc. proffered the winning bid at $270,000.00. The sale was confirmed that same afternoon. On November 25, 2009, the trustee filed a motion to rescind the confirmation of sale on the basis that Community did not receive notice of the order approving the sale due to a slight technical error in service. Community was served at 600 Tiffany Boulevard, Rocky Mount, NC 278040 instead of 800 Tiffany Boulevard, Rocky Mount, NC 27804.[1] A representative of Community confirmed to the trustee that he did not receive notice and intended to attend the sale. Healthzeeperz objects to the trustee's motion to rescind confirmation of sale.

The court finds that Community was on notice that the sale was going to happen in the near future, and that Community had every ability to monitor the public docket sheet or communicate with the trustee to ascertain the exact date of the sale. Bankruptcy sales are given great finality under § 363. "Once [a] sale is confirmed, the existence of fraud, mistake or a like infirmity would be necessary to set a confirmed sale aside. . . . [I]f parties are to be encouraged to bid at judicial sales there must be stability in such sales." In re Chung King, Inc., 753 F.2d 547, 549-50 (7th Cir. 1985). While it is true that lack of notice to interested parties is one of the more common reasons for setting aside judicial sales, id. at 551, in this case Community was on notice that the public auction was impending even if it did not receive the order authorizing the sale. Allowing this bankruptcy sale to be rescinded on the basis of a slight technical error in service would undermine the finality of sales under § 363 and deter future bidders.

---

[1] 600 Rocky Mount Boulevard and 800 Rocky Mount Boulevard are located within the same office building, so it is possible that the notice made its way to Community despite the slight error. No representative of Community appeared at the hearing to testify on the matter. Furthermore, it is undisputed that Community received a copy of the original motion of the trustee to sell free and clear of liens, which was served at the same incorrect address.

Based on the foregoing, the trustee's motion to rescind confirmation of sale is DENIED, and the order confirming the sale stands.

**"END OF DOCUMENT"**