**SO ORDERED.**

**SIGNED this 14 day of August, 2013.**

_____
Stephani W. Humrickhouse
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| CONSOLIDATED HEALTH SERVICES, INC. | 08-00103-8-SWH |
| DEBTOR | |

### ORDER REGARDING TRUSTEE'S MOTION FOR SANCTIONS

Pending before the court is the Chapter 7 trustee's motion for sanctions against the Department of the Treasury, Internal Revenue Service ("IRS") for violations of the automatic stay in the chapter 7 bankruptcy of Consolidated Health Services, Inc. A hearing was held in Raleigh, North Carolina on July 11, 2013, after which the court extended to the parties the opportunity to file supplemental briefs with respect to the IRS's assertion of certain statutory and regulatory limits on the extent to which the trustee could seek damages for the IRS's admitted breaches of the stay. The IRS filed both a Notice of Additional Authorities and a Notice of Recent Decision.

### BACKGROUND

The IRS contacted the debtor in November 2010, seeking to recover a civil penalty for the tax period ending in December 2007. The trustee responded by letter in January of 2011, advising the IRS of the bankruptcy case, the applicability of the automatic stay, and the IRS's ability to file a claim. The IRS replied that it would review that information, but in June 2011, it issued a notice

of intent to levy for the penalty. The parties then embarked on a two-year-long exchange of letters and notices in which the trustee would advise the IRS of its error, the IRS would state that it would seek further information, and the IRS would then repeat – or exacerbate – its error. The trustee "communicated with the IRS on six (6) occasions advising of the pending bankruptcy, the automatic stay, and the preclusion from collecting the Penalty. The Trustee sent copies of his IRS communication to Assistant United States Attorney Renfer, United States Attorney Thomas L. Walker, and the IRS Office of Chief Counsel." Trustee Motion for Sanctions ¶ 20. On April 4, 2013, the trustee ultimately filed his motion seeking sanctions on the ground that the "actions by the IRS are improper, unwarranted, negligent, malicious and wrong. The actions by the IRS should give this court great concern, as they do the Trustee." Id. ¶ 21. The trustee gave the IRS multiple written warnings of his intent to seek sanctions if the IRS continued to pursue the levy in violation of the stay, but those warnings proved ineffective.

The IRS acknowledged at the hearing that it had repeatedly violated the stay. It informed the court that it had forgiven the tax penalty such that the debt is now null, and also stated that it was willing to pay the trustee's statutory attorney fees. The IRS still maintained, however, that this court has no jurisdiction even to hear this matter, because a party seeking to recover a civil penalty against the IRS must first exhaust certain administrative remedies required by 26 U.S.C. § 7433 and 26 C.F.R. § 301.7433-2(e). In response, the trustee argued that § 7433(e), if applicable, can be read to provide an exclusive remedy in the bankruptcy courts that is essentially exempt from the administrative process requirement; and, further, that if § 7433(e) does include an exhaustion of administrative remedies requirement, his efforts to resolve the repeated stay violations constitute substantial compliance with that requirement.

# DISCUSSION

The trustee and the IRS can agree that 26 U.S.C. § 7433 applies, but their views differ with respect to the statute's application in this case. Because what that statute does (and doesn't) say is the crux of the court's decision, it is quoted here in its entirety. Section 7433 provides:

> (a) **In general**. If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.
>
> (b) **Damages**. In any action brought under subsection (a) *or petition filed under subsection (e)*, upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the lesser of $1,000,000 ($100,000 in the case of negligence) or the sum of–
> (1) actual, direct economic damages sustained by the plaintiff as a proximate result of the reckless or intentional or negligent actions of the officer or employee, and
> (2) the costs of the action.
>
> ( c ) **Payment authority**. Claims pursuant to this section shall be payable out of funds appropriated under section 1304 of Title 31, United States Code.
>
> (d) **Limitations**.
> (1) Requirement that administrative remedies be exhausted. *A judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.*
> (2) Mitigation of damages. The amount of damages awarded under subsection (b)(1) shall be reduced by the amount of such damages which could have reasonably been mitigated by the plaintiff.
> (3) Period for bringing action. Notwithstanding any other provision of law, an action to enforce liability created under this section may be brought without regard to the amount in controversy and may be brought only within 2 years after the date the right of action accrues.
>
> (e) **Actions for violations of certain bankruptcy procedures**.

> (1) In general. If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service willfully violates any provision of section 362 (relating to automatic stay) or 524 (relating to effect of discharge) of Title 11, United States Code (or any successor provision), or any regulation promulgated under such provision, such taxpayer may petition the bankruptcy court to recover damages against the United States.
> (2) *Remedy to be exclusive*.
>> (A) In general. Except as provided in subparagraph (B), notwithstanding section 105 of such Title 11, such petition shall be the exclusive remedy for recovering damages resulting from such actions.
>> (B) Certain other actions permitted. Subsection (A) shall not apply to an action under 362(h) of such Title 11 for a violation of a stay provided by section 362 of such title; except that –
>>> ( i ) administrative and litigation costs in connection with such an action may only be awarded under section 7430, and
>>> ( ii ) administrative costs may be awarded only if incurred on or after the date that the bankruptcy petition is filed.

26 U.S.C. § 7433 (emphasis added).

According to the trustee, even if sovereign immunity on the part of the IRS precludes the court from imposing monetary sanctions as it could in other instances, the trustee can still seek damages in this court because § 7433 identifies a petition in the bankruptcy court as the "exclusive" remedy and does not, in its text, incorporate any additional prerequisites to proceeding in the bankruptcy court. At least one bankruptcy court has read the statute in the fashion the trustee suggests. See In re Graham, 2003 WL 21224773 *2 (Bankr. E.D. Va. 2003) (holding that "there is a provision specifically for bankruptcy violations within § 7433 that does not require that the debtors exhaust administrative remedies").

This construction of the statute, however, is at odds with the interpretation given by most other courts, and this court is persuaded by the greater weight of authority. In In re Cooper, from the Middle District of North Carolina, Judge Stocks ably explained the interplay between the sections of the statute:

> In Graham the court found that since section 7433(e) provides that a petition to the bankruptcy court is the "exclusive remedy" for recovery of damages and section 7433(e) makes no mention of exhausting administrative remedies, the requirement of section 7433(d) was not applicable. [Graham, 2003 WL 21224773 *2.] However, as other courts have noted, section 7433(e) should not be read in isolation. The damages that are recoverable under section 7433(e) are specified in section 7433(b) and under the clear language of 7433(d), the damages that are recoverable under section 7433(b) may not be awarded unless the claimant has exhausted the administrative remedies available to the claimant.

Cooper, 2011 Bankr. Lexis 160 (Bankr. M.D.N.C. 2011).

This court agrees, and adopts the Cooper court's construction of the statute's plain language. See also, e.g., Kovacs v. U.S. (In re Kovacs), 614 F.3d 666, 672-73 (7th Cir. 2010) (holding, in context of IRS violations of discharge injunction, that taxpayer must comply with "jurisdictional" exhaustion of remedies requirement in § 7433 prior to petitioning bankruptcy court); In re Parham, 2013 WL 3933938 (Bankr. E.D. Tenn. 2013) (concluding that debtors were required to exhaust administrative remedies before proceeding with motion for contempt in context of IRS's violation of discharge injunction); In re Lawson, 2008 WL 4572389 *2 (Bankr. M.D. Fla. 2008) (taxpayers "seeking damages pursuant to 26 U.S.C. Section 7433 . . . are required to exhaust their administrative remedies available within the IRS"); In re Lowthorp, 332 B.R. 656, 660 (Bankr. M.D. Fla. 2005) (explaining that "while the bankruptcy court is the proper and exclusive venue to consider bankruptcy violations, [taxpayers are] required to first exhaust their administrative remedies, and the failure to do so is a bar to recovery"); Jacoway v. Dep't of Treasury (In re Graycarrr, Inc.), 330 B.R. 741, 747 (Bankr. W.D. Ark. 2005) (rejecting Graham analysis, and concluding that administrative remedies must be exhausted prior to filing a petition with the bankruptcy court to recover damages).

5

Because the trustee did not exhaust all administrative remedies[1] before petitioning this court, he cannot satisfy the statutory prerequisite to this court's ability to grant the relief he seeks.

The court's holding notwithstanding, is it true that § 7433(e) could be clearer in highlighting the "prior exhaustion of administrative remedies" requirement? Absolutely. Would it be appropriate for the IRS itself to highlight this requirement, and provide sufficient information for taxpayers to take note of, and then comply with, the IRS's own regulatory procedure? Absolutely. Did the trustee take reasonable steps in responding, repeatedly, to the IRS notices at the addresses specified in the notices by the IRS itself? Again, absolutely. And is it frustrating for the trustee, for the next hapless taxpayer, and for this court to see the IRS seemingly get a "pass" for its blatant disregard of the automatic stay, now that this matter finally has attracted the IRS's attention, by virtue of its ability to now point to 26 C.F.R. 301.7433-2(e)(1) as if all concerned should have simply availed themselves of that "opportunity" all along? Absolutely.

The IRS states that "[i]n this case, the Local Insolvency Unit is located in Greensboro, North Carolina. Although the Trustee sent multiple letters to the Service after receiving notice of the assessment and levy, none of these letters were sent to the Insolvency Unit in Greensboro, and none contained all of the information required for an administrative claim for damages." IRS Opposition to Motion for Sanctions at 3. Ironically, however, one of the last notices sent to the debtor by the IRS suggests this: "If you want to appeal or give us more information, the following will be helpful." Motion for Sanctions, Ex. K (Notice from IRS to Consolidated Health Services, Nov. 5, 2012). The

---

[1] These procedures are set forth in 26 C.F.R. § 301.7433-2(e), and direct taxpayers seeking redress to first file an administrative claim in writing with the "Chief, Local Insolvency Unit," before a civil action in federal bankruptcy court for violations of the automatic stay may be maintained.

"Appeals Procedures" outlined in the IRS's November 5 letter calls for various informational items, and directs the taxpayer to send that information, with a sworn declaration as to its truth, to the "Service Center Penalty Appeals Coordinator" at an address in . . . Philadelphia, PA. If the issue can't be "immediately resolved," the notice states, "the coordinator will send your written statement to the Appeals Office serving your district." Id.

Is the "Appeals Office" serving this district the same thing as the "Local Insolvency Unit" for this district? The court does not know.[2] Nor does the IRS appear to think that recipients of the notice need to know, because according to the IRS, it is the "coordinator" who transfers that information, *not a taxpayer seeking to pursue "administrative remedies."* Suffice to say, the court understands the trustee's frustration with the current situation, and is itself frustrated with the fact that this situation is bound to repeat itself so long as the IRS continues to play this decidedly one-sided game of "hide the exhaust administrative remedies ball" with taxpayers and debtors.

On a more positive note, the court appreciates the IRS's candor during the hearing, at which time it both acknowledged and apologized for its repeated violations of the automatic stay in this matter. The court also heartily approves of the IRS's decision to waive the penalty assessed to the debtor. In addition, the IRS stated its willingness to pay the trustee's fees in this matter at the statutory rate. In light of the IRS's voluntary decision to pay those fees, the court will take it at its word and will not, at this time, order it to do so.

---

[2] A Greensboro address for the "Office of Chief Counsel" for the IRS is listed on the Public Agencies Register provided through the internet site for the Bankruptcy Court for the Eastern District of North Carolina (along with a Philadelphia address). This Greensboro address may be the appropriate one for taxpayers, trustees, and others to use in efforts to reach the IRS's "Local Insolvency Unit," but without the statutorily designated addressee linked to that Greensboro address in some official and reliable way, one cannot be sure.

Accordingly, the court directs the trustee to provide to the court and counsel for the IRS a record of his fees incurred in connection with this matter, such that those fees can be paid by the IRS as soon as is reasonably possible. In addition, the court directs the IRS to promptly provide to the trustee, and to the Office of the Clerk of Bankruptcy Court for the Eastern District of North Carolina, the precise Greensboro mailing address for the "Chief, Local Insolvency Unit" that the IRS maintains should be used pursuant to 26 C.F.R. 301.7433-2(e)(1)). It is the court's hope that increased efforts to facilitate taxpayers' awareness of their administrative remedies and the means by which to pursue them will avoid a repeat of the fruitless, frustrating sequence of events that took place in this case.

For the foregoing reasons, the trustee's motion for sanctions is **DENIED** on grounds that the court does not **at this time** have jurisdiction to provide the relief sought by the trustee.

**SO ORDERED**.

**END OF DOCUMENT**